UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                          Civil No. 05-cv-178-JD

<u>Land and Buildings Located
at 4 Meetinghouse Terrace,
Bedford, N.H., et al.</u>


<u>SEALED ORDER</u>

    The government brought a civil forfeiture action against real estate and vehicles owned by, among others, Christopher Bouchard.  MAK Investments, L.L.C., filed a claim as an "innocent owner," pursuant to 18 U.S.C. § 983(d), of property in Gilford, New Hampshire, and at 1497 Union Street, Manchester, New Hampshire, owned by Bouchard.  MAK then filed a motion for leave to foreclose on the property at 1497 Union Street, pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[1]

    Bouchard and the government objected to MAK's motion on the ground that MAK failed to provide any factual support for its assertions about the amount of its loan and security interest in

---

[1] The Supplemental Rules apply in civil forfeiture proceedings.  <u>See</u>, <u>e.g.</u>, <u>United States v. Lopez-Burgos</u>, 435 F.3d 1, 2 (1st Cir. 2006); <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 161 (1st Cir. 2004); <u>United States v. Esposito</u>, 970 F.3d 1156, 1160 (2d Cir. 1992).

the property at 1497 Union Street.[2]  The government also asserted that MAK had failed to show that it held a valid security interest in the property.  The court denied the motion on April 26, 2006, stating:  "The objections of the government and Bouchard are well taken.  In addition, the status of MAK as an entity with a valid security interest must be determined."

On April 28, 2006, MAK filed an affidavit of its counsel that provided information about amounts owed by Bouchard to another claimant, Fremont Investment & Loan, on a mortgage secured by the property at 1497 Union Street, and an affidavit of the manager of MAK about the amounts owed by Bouchard to MAK.  On May 8, 2006, MAK moved for reconsideration of the court's order denying its motion for an interlocutory sale of the property at 1497 Union Street.  MAK explained that it had not received the government's objection to its motion for a sale of the property, because it had been inadvertently omitted from the government's service list, and that it was responding to that objection now that it had been served.  The government and Bouchard filed objections to the motion for reconsideration.

---

[2]Rule E(9)(b)(i) allows the court, in response to a motion by the government or a claimant, to order an interlocutory sale of seized property "if:  (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is unreasonable delay in securing the release of property."

MAK represents that Fremont also seeks an interlocutory sale of the property. It argues that because Bouchard is in default on his loans from MAK and Fremont, which are both secured by the property at 1497 Union Street, and because Fremont holds the first mortgage, MAK's security in that property is decreasing as Fremont's loan amount increases due to penalties and interest. MAK also asserts that Bouchard's girlfriend is living at 1497 Union Street, rent free, pursuant to an agreement between the government and Bouchard without the consent of MAK or Fremont.

The government and Bouchard object to MAK's motion for reconsideration on the ground that the motion does not establish that the court's order denying leave to foreclose on the property is based on legal or factual errors. "Motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must either clearly establish a manifest error of law or present newly discovered evidence." Landrau-Romero v. Banco Popular de P.R., 212 F.3d 607, 612 (1st Cir. 2000). Interlocutory rulings and decisions, however, remain open for reconsideration within the court's discretion.[3] Harlow v. Children's Hosp., 432 F.3d 50, 55-56 (1st Cir. 2005); In re Cabletron Sys., Inc., 311 F.3d 11, 21 (1st Cir. 2002).

The objections correctly point out that even MAK's late-

---

[3]See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 (1st Cir. 2005) (discussing difference between judgment subject to Rule 59(e) and interlocutory rulings).

filed affidavits do not satisfy the requirements of Rule E(9)(b)(i).  In addition, although Brian Colsia, MAK's manager, states in his affidavit that MAK is in the business of investing and lending and that it lent certain sums of money to Bouchard that were secured, in part, by a mortgage on the property at 1497 Union Street, MAK has not addressed the issue of whether it holds a valid security interest in the subject property.  The government also points out that it has not seized the property at 1497 Union Street and, therefore, does not control who may live there.  The court finds no reason to exercise its discretion to reconsider its ruling that denied MAK's motion for an interlocutory foreclosure sale of the property at 1497 Union Street.

## Conclusion

For the foregoing reasons, MAK Investment's motion for reconsideration (document no. 73) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

June 6, 2006

cc:  Peter D. Anderson, Esquire
     R. Matthew Cairns, Esquire
     George T. Campbell, III, Esquire
     William E. Christie, Esquire

4

```
Michael J. Iacopino, Esquire
Victor Manougian, Esquire
Douglas J. Miller, Esquire
Donald J. Perrault, Esquire
Robert J. Rabuck, Esquire
```