UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                              Civil No. 05-cv-178-JD

Land and Buildings Located
at 4 Meetinghouse Terrace,
Bedford, New Hampshire, et al.


SEALED ORDER


     This is a civil forfeiture action brought pursuant to 21

U.S.C. § 881.  After Edward D. Berthiaume recently filed an

appearance, pro se, in this case, the United States moved to

strike his appearance, asserting that he lacks standing because

he did not file a timely claim and answer.  In his response,

Berthiaume acknowledges that he did not file a claim or an answer

within the time allowed but explains that his previous counsel is

to blame and asks the court to accept his claim and answer, a

single document that was filed on August 7, 2006.

     The government filed a verified complaint for forfeiture of

certain property including land and buildings located at 551

Silver Street, Manchester, New Hampshire, owned by Edward

Berthiaume, on May 25, 2005, and filed the notice of the

complaint the same day.  An amended complaint and amended notice

were filed on July 1, 2005.  On August 15, 2005, Berthiaume's

counsel in the related criminal proceeding, Beryl W. Cohen, filed

an appearance, pro hac vice, in the forfeiture proceeding.  The

affidavit of service, filed on September 12, 2005, shows that
copies of the amended complaint, amended notice, lis pendens, and
notice of the ECF case were sent return receipt requested to
Cohen on August 29, 2005, and that the receipt was returned.

Cohen filed a motion on Berthiaume's behalf on October 6,
2006, to extend the time to file a claim and answer and filed a
motion to appear pro hac vice the same day.  The motion to extend
the time was granted on October 11, 2006, and the deadline was
extended to October 27, 2006.  The motion to appear pro hac vice
was granted on October 27, 2005, on the condition that Cohen
submit an ECF registration within ten days.  On December 12,
2005, the court issued an order that Cohen had not submitted the
ECF form and that his appearance would be stricken on December
22, 2005.  On January 3, 2006, the court ordered Berthiaume to
enter an appearance by counsel or file a pro se appearance by
January 23, 2006.  On February 17, 2006, the court ordered
Berthiaume to advise the court by March 10, 2006, of a new
attorney who would represent him or to enter an appearance to
proceed pro se.  On March 14, 2006, Berthiaume was dismissed
without prejudice as a potential claimant due to his failure to
comply with the orders requiring that an appearance be filed pro
se or by counsel on his behalf.  Attorney Donald J. Perrault
filed an appearance on behalf of Berthiaume on April 18, 2006.
On July 12, 2006, Berthiaume filed a notice of pro se appearance.

     The government has listed Perrault as counsel for Berthiaume
in most of its certificates of service filed after April 18.
Most recently, the certificates of service for the government's
motion to enlarge the seal period filed on July 26 and the motion
to strike Berthiaume's pro se appearance filed on July 24 both
list Perrault as counsel for Berthiaume.  The docket does not
indicate that Perrault has withdrawn his appearance.  Berthiaume
does not mention Perrault in his notice of pro se appearance or
in his motion for appointment of counsel.  The government has not
raised Perrault's representation of Berthiaume in its motion to
strike Berthiaume's pro se appearance.


                           Discussion

     "Rule C of the Supplemental Rules for Certain Admiralty and
Maritime Claims sets forth the procedural matrix that applies to
judicial forfeitures initiated under 21 U.S.C. § 881."  United
States v. One Star Class Sloop Sailboat, --- F.3d ---, 2006 WL
2361268, *4 (1st Cir. Aug. 16, 2006).  Rule C(6)(a) provides that
"a person who asserts an interest in or right against the
property that is the subject of the action must file a verified
statement identifying the interest or right:  (A) within 30 days
after the earlier of (1) the date of service of the Governments's
complaint or (2) completed publication of notice under Rule C(4),
or (B) within the time that the court allows."  A verified

statement, previously a verified claim, is a sworn notice of an interest in the subject property that puts the claimant at risk of perjury for false claims.  <u>United States v. $125,938.62</u>, 370 F.3d 1325, 1328 (11th Cir. 2004); <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 161 & 163 (1st Cir. 2004).  An answer must be served and filed within twenty days after filing the verified statement of interest.  Rule C(6)(a)(iii).

The government contends that Berthiaume's pro se appearance must be stricken because he lacks standing in this case due to his failure to file a timely claim and answer.  Berthiaume contends that the delay in filing his claim and answer is due to his counsel's incompetence and should be excused.  Berthiaume also requests that counsel be appointed to represent him in this matter.

If a statement is not properly filed pursuant to Rule C(6), "a putative claimant lacks standing to contest forfeiture of the property."  <u>United States v. Approximately 2,538.85 Shares of Stock Certificates</u>, 988 F.2d 1281, 1284 (1st Cir. 1993).  Because Berthiaume did not file a verified statement or an answer and did not file an appearance after being instructed twice to do so with notice that his claim would be dismissed in the absence of an appearance, he lost standing to proceed in this case.  The dismissal of his claim without prejudice, however, was not a final judgment, and no judgment has been entered in this case.

4

Therefore, Berthiaume's situation is analogous to a party who has had default entered against him but has not yet had a judgment of default entered.  See $23,000 in U.S. Currency, 356 F.3d at 163. In essence, Berthiaume's pro se appearance is more appropriately construed as an effort to set aside the entry of default.

"For good cause shown, the court may set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).  The good cause standard in this context is liberally construed.  Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004).  The relevant factors for the court to consider in determining whether good cause has been shown are "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  $23,000 in U.S. Currency, 356 F.3d at 164.

Berthiaume asserts persuasively that the delay and failure to file an appearance was caused by his counsel's inaction, compounded by allegedly misleading representations made to Berthiaume.  Counsel's mistakes and failures, in the absence of fault attributable to the client, may provide cause to set aside a default.  See United States v. Proceeds of Sale of 3,888 Pounds Atl. Sea Scallops, 857 F.2d 46, 49 (1st Cir. 1988).  At least on the present record, it does not appear that Berthiaume's default was willful.  The government would not be prejudiced by allowing Berthiaume to file now.  Another claimant has not yet filed an

answer to the government's complaint, although he previously
filed a verified statement of interest in property that is the
subject of the complaint.  The court will not evaluate at this
time the merits of Berthiaume's claim and answer.

Although far from overwhelming, the court concludes that
grounds exist to set aside the default entered against
Berthiaume.  Because an appearance has already been entered on
Berthiaume's behalf by Attorney Perrault, he cannot also appear
pro se.  Attorney Perrault has not participated in this case in
any way, however.  Before deciding whether Berthiaume will
proceed pro se or whether counsel may be appointed pursuant to 18
U.S.C. § 983(b), the issue of Attorney Perrault's status in this
case must be resolved.

### Conclusion

For the foregoing reasons, the government's motion to strike
pro se appearance (document no. 85) is denied.  Berthiaume's
motion for appointment of counsel (document no. 91) is denied
without prejudice to refile if Berthiaume is not represented by
Attorney Perrault.

A copy of this order will be sent to Donald J. Perrault,
Esq., at the address provided in his notice of appearance.
Attorney Perrault shall respond **on or before September 8, 2006,**

either by affirming that he represents Berthiaume in this case or

by filing a motion to withdraw from representation.

The government's motion to enlarge the seal period (document

no. 86) is granted.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

August 24, 2006

cc:   Peter D. Anderson, Esquire
      Ra. Matthew Cairns, Esquire
      George T. Campbell, III, Esquire
      William E. Christie, Esquire
      Michael J. Iacopino, Esquire
      Victor Manougian, Esquire
      Douglas J. Miller, Esquire
      Donald J. Perrault, Esquire
      Robert J. Rabuck, Esquire