```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Civil No. 05-cv-178-JD

Land and Buildings Located at
4 Meetinghouse Terrace, Bedford,
New Hampshire, et al.


                            SEALED ORDER


    The government is proceeding against several properties in this civil forfeiture action, brought pursuant to 21 U.S.C. § 881.  One of the properties, located at 551 Silver Street, Manchester, New Hampshire, is listed in the complaint as being owned by "Edward Berthiaume."[1]  After his counsel failed to comply with court orders and he was dismissed without prejudice due to the default, Berthiaume filed a pro se appearance.  The government moved to strike his appearance due to his failure to timely file a claim and answer in the case.

    Confusion has arisen in this case because there are two Edward Berthiaumes with interests in properties that are subject to forfeiture.  Edward D. Berthiaume is a defendant in the related criminal proceeding in state court, and he has an interest in the property located at 551 Silver Street in Manchester.  His father is Edward C. Berthiaume, who is not a criminal defendant, and who has an interest in a condominium in

---

[1] In the future, the government should use middle initials or names in order to avoid the type of confusion that occurred here.

Laconia that is also subject to forfeiture in this proceeding.

On review of the government's motion, the court noted that Attorney Donald J. Perrault had filed an appearance on behalf of Edward C. Berthiaume on April 18, 2006.  The court concluded that Edward D. Berthiaume's default should be set aside pursuant to Federal Rule of Civil Procedure 55(c) but required further information about the status of Attorney Perrault in the case before deciding whether Edward D. Berthiaume would be permitted to proceed pro se.  In response, Attorney Perrault filed a motion for clarification in which he explains that he represents Edward C. Berthiaume, the father of Edward D. Berthiaume.  Edward D. Berthiaume confirms that Attorney Perrault has never represented him and does not represent him in this matter.

Edward D. Berthiaume filed a motion titled as a request to appoint counsel, but in the motion he asks for additional time to resolve the question of whether Attorney Perrault represents him.  No additional time is necessary because that question has been answered.  In the previous order, the court denied Edward D.'s then pending motion for appointment of counsel without prejudice to refile if he were not represented by Attorney Perrault.  Because Edward D. is not represented by counsel, he may file a properly supported motion for the appointment of counsel in this matter.  Counsel may be appointed to represent a claimant in a forfeiture proceeding only if the person is unable to obtain his own counsel and is represented by appointed counsel in a related

criminal case or, if the property subject to forfeiture is the person's primary residence and he is unable to afford counsel, the court may obtain representation from the Legal Services Corporation.[2] Such a motion shall be filed on or before **September 29, 2006.**

---

[2]Counsel may be appointed in a civil forfeiture action as follows:

> 1)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.
>
> (B) In determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account such factors as--
> (i) the person's standing to contest the forfeiture; and (ii) whether the claim appears to be made in good faith.
>
> (2)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

18 U.S.C. § 983(b).

Conclusion

For the foregoing reasons, the motion for clarification filed by Attorney Perrault (document no. 94) is granted as is explained in this order.

Edward D.'s motion to appoint counsel (document no. 96) is denied without prejudice to file a properly supported motion to appoint counsel **on or before September 29, 2006**. Edward D.'s motion for an extension of time to file his answer to the government's complaint (document no. 95), in which he explains that he does not have a copy of the complaint, is granted, and the government shall immediately serve copies of the amended complaint and amended notice of complaint on Edward D. Berthiaume.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

September 7, 2006

cc: Peter D. Anderson, Esquire
    R. Matthew Cairns, Esquire
    George T. Campbell, III, Esquire
    William E. Christie, Esquire
    Michael J. Iacopino, Esquire
    Victor Manougian, Esquire
    Douglas J. Miller, Esquire
    Donald J. Perrault, Esquire
    Robert J. Rabuck, Esquire